IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE M. REVERON, ) | |
| ) | |
| an individual, ) | **23 CV 10114** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| ZUMIEZ, INC., ) | |
| SPOT INTERNATIONAL, INC. d/b/a ) | |
| 26 RED, ) | |
| LACOSTE USA, INC., ) | |
| NEW BALANCE ATHLETICS, INC., ) | **JURY TRIAL DEMANDED** |
| STOCKX, LLC ) | |
| TODD SNYDER, INC., ) | |
| AMAZON.COM, LLC, ) | |
| ZAZZLE, INC., ) | |
| TEESPRING, INC., ) | |
| REDBUBBLE, INC. , ) | |
| ETSY, INC., and ) | |
| TP APPAREL LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Stephanie M. Reveron, alleges her complaint against Defendants, Zumiez, Inc.,

Spot International, Inc. d/b/a 26 RED ("26 RED"); Lacoste USA, Inc. ("Lacoste"), New Balance

Athletics, Inc., ("NBA"), StockX, LLC; Todd Snyder, Inc.; Amazon.com, LLC ("Amazon");

Zazzle, Inc.; Teespring, Inc, Redbubble, Inc., Etsy, Inc., and TP Apparel LLC, as follows:

## NATURE OF THE ACTION

1.      This action arises from the Defendants' Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel's infringement of Plaintiff's "**ownership**" and "**use**" rights in the marks **LES NYC®,** and **LOWER EAST SIDE™** in connection with clothing and related goods.  Plaintiff being the owner of the trademarks **LES NYC®,** and **LOWER EAST SIDE™** and offering various clothing items under such brand names including but not limited to headwear, t-shirts, sweaters and hooded sweatshirts, Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, TP Apparel, have infringed Plaintiff's rights in the aforementioned marks by placing Plaintiff's **LES NYC®** and/or **LOWER EAST SIDE™** trademarks on Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel, clothing products and are screen printing, embroidering, manufacturing, producing and offering for sale in commerce t-shirts, hoodies, and other clothing items including and bearing Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks.   Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation, association or connection between Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel, and Plaintiff resulting in the unjust enrichment of all the named Defendants by using Plaintiff's registered **LES NYC®** and **LOWER EAST SIDE™** trademarks.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over the Defendants because all of the named Defendants are registered businesses within the State of New York and Defendants engage in

2

continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transact business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and her intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.      Plaintiff, Stephanie M. Reveron is an individual residing at 210 Stanton Street, Apt. #218, New York, NY 10002.

6.      Upon information and belief, Defendant Zumiez, Inc. is a Washington Corporation with a place of business at 4001 204th Street SW, Lynwood, WA 98036.

7.      Upon information and belief, Defendant Spot International, Inc. d/b/a 26 RED is a California Corporation with a place of business at 15610 South Main Street, Gardena, CA 90248.

8.      Upon information and belief, Defendant Lacoste USA, Inc. is a Delaware Corporation with a place of business at 551 Madison Avenue, New York, New York 10022.

9.      Upon information and belief, Defendant, New Balance Athletics Inc. is a Massachusetts Corporation with a place of business at 100 Guest Street – Boston, MA 02135.

10.     Upon information and belief, Defendant StockX, LLC, is a Michigan limited liability company with a principal place of business at 1046 Woodward Avenue, Detroit, Michigan 48226.

11.     Upon information and belief, Defendant Todd Snyder, Inc. is an Iowa Corporation with a principal place of business at 2805 S.W. Snyder Blvd. #530, Ankeny, IA 50023.

12.     Upon information and belief, Defendant Amazon.com LLC is a Washington Limited Liability Company with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

13.     Upon information and belief, Defendant Zazzle, Inc. is a California Corporation with a principal place of business at 1800 Seaport Blvd, Redwood City, CA 94063.

14.     Upon information and belief, Defendant Teespring, Inc. is an Rhode Island Corporation with a principal place of business at 3 Davol Sq – Suite B300, Providence, RI 02903.

15.     Upon information and belief, Defendant Redbubble, Inc. is a California Corporation with a principal place of business at 111 Sutter Street – 17th Floor, San Francisco, CA 94104.

16.     Upon information and belief, Defendant Etsy, Inc. is a Delaware Corporation with a place of business at 117 Adams Street, Brooklyn, New York 11201.

17.     Upon information and belief, Defendant TP Apparel LLC is a New York Limited Liability Company with a place of business at 37 E 18th Street – 4th Floor, New York, New York 10003.

## FACTS

18.     Since at least as early as 1997, Plaintiff's predecessor has been selling headwear, t-shirts, sweaters, hoodies and other clothing items under the **LES NYC®, LOWER EAST SIDE™**, and **LES™** brand names.

19.     In May of 2022, Plaintiff acquired ownership of the **LES NYC®**, **LOWER EAST SIDE™** and **LES™** marks via an assignment of trademark rights that granted the goodwill in the marks and rights to enforce the mark against any infringers.

20.     I have been continuously using the **LES NYC®**, **LOWER EAST SIDE™** and **LES™** marks in connection with the sale and offering of various items of clothing including but not limited to t-shirts, sweaters, hoodies, and caps at my retail store and online.

 

21.     Plaintiff uses the ® and ™ symbols on clothing hang tags, private neck label prints, on promotional materials such as flyers, etc. to put the public on constructive notice that Plaintiff is claiming trademark rights in the **LES NYC®** and **LOWER EAST SIDE™** brand names.





22.     Plaintiff sells and promotes the sale of her clothing via her retail store, website and through social media promotions including but not limited to Instagram.

23.     The **LES NYC®, LOWER EAST SIDE™,** and **LES™** brand names and marks have acquired "secondary meaning" in the marketplace in connection with the sale and offering of

clothing goods based on Plaintiff's and her predecessor's continuous and long-standing use of the marks in the apparel industry for over twenty-three (23) years.

24.     When consumers of clothing products encounter the **LOWER EAST SIDE™ LES™** and **LES NYC®** marks in connection with apparel, they associate the **LES™, LOWER EAST SIDE™** and **LES NYC®** marks with Plaintiff and the well-known collection of **LES NYC®** brands owned by Plaintiff.

25.     Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** clothing products enjoy a superlative reputation in the apparel industry.

26.     Plaintiff's **LES NYC®, LOWER EAST SIDE™** and **LES™** clothing items have been endorsed and worn by celebrities, actors and musicians, including but not limited to actor Luis Guzman, Curtis "50 CENT" Jackson, Busta Rhymes, Etc.

27.     Plaintiff's **LOWER EAST SIDE™, LES™** and **LES NYC®** clothing items have also appeared in movies and on television shows including but not limited to **VH1's BLACK INK CREW,** and **VH1's LOVE & HIP HOP** television shows.

28.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have been featured and advertised in national publications including but not limited to XXL Magazine and Don Diva Magazine.

29.     Plaintiff claims "exclusive use" rights of the **LES NYC®, LOWER EAST SIDE™** and **LES™** marks in connection with apparel and the promotion and sale thereof.

30.     Plaintiff is the owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™. (See Exhibit A)**.

31.     Plaintiff is the current owner of New York State Trademark Registration No. R32849 for the mark **LOWER EAST SIDE™**.

32.     Defendant Zumiez, Inc. is a retailer of apparel products and has flagship retail clothing stores worldwide.

33.     Defendant Zumiez, Inc. also operates an online retail clothing store via the website www.zumiez.com.

34.     Plaintiff is informed and believes and thereon alleges that Defendant Zumiez, Inc. is advertising, promoting, selling, and offering for sale a trucker hat bearing Plaintiff's registered **LES NYC®** and **LOWER EAST SIDE™** trademarks via the website www.zumiez.com and via its retail stores which violates Plaintiff's trademark rights in the aforementioned marks.  **(See Exhibit B).**

35.     The accused trucker hat that Defendant Zumiez is selling shown in the image below includes Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks.



36.     Defendant Zumiez use of Plaintiff's **LES NYC®** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

37.     Defendant Zumiez continued use of any variation of Plaintiff's **LES NYC®** and/or **LOWER EAST SIDE™** marks is likely to continue to cause confusion as to the source of apparel products under the marks.

38.     Defendant Zumiez use of Plaintiff's trademarks is not considered a fair use as Zumiez is using the marks for commercial business purposes and for a profit.

39.     Defendant Zumiez infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale as it has been in previous litigation over the **LES NYC®** and/or **LOWER EAST SIDE™** marks.

40.     Defendant Zumiez has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®**, **LES™** and **LOWER EAST SIDE™** marks.

41.     Defendant 26 RED is a retailer of apparel products and has flagship retail clothing stores in several states in the United States.

42.     Defendant 26 RED also operates an online retail clothing store via the website www.26red.com.

43.     Plaintiff is informed and believes and thereon alleges that Defendant 26 RED is manufacturing, advertising, promoting, selling, and offering for sale a trucker hat bearing Plaintiff's registered **LES NYC®** and **LOWER EAST SIDE™** trademarks via the website www.26red.com and via its retail stores which violates Plaintiff's trademark rights in the aforementioned marks.  **(See Exhibit C).**

44.    The accused trucker hat that Defendant 26 RED is selling shown in the image below includes Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks.



45.    Defendant 26 RED's use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

46.    Defendant 26 RED's continued use of any variation of Plaintiff's **LES NYC®** and/or **LOWER EAST SIDE™** marks is likely to continue to cause confusion as to the source of apparel products under the marks.

47.    Defendant 26 RED's use of Plaintiff's trademarks is not considered a fair use as 26 RED is using the marks for commercial business purposes and for a profit.

48.    Defendant 26 RED's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

49.    Defendant 26 RED has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

50.     Defendant Lacoste is a retailer of apparel products and has flagship retail clothing stores worldwide.

51.     Defendant Lacoste also operates an online retail clothing store via the website www.lacoste.com.

52.     Plaintiff is informed and believes and thereon alleges that Defendant is manufacturing, advertising, promoting, selling, and offering for sale t-shirts, and polo shirts bearing Plaintiff's registered **LES NYC®** and **LOWER EAST SIDE™** trademarks as the marks are embroidered and or affixed to clothing garments via heat transfer patch applications. Defendant Lacoste also sells individual embroidered patches to clothing consumers bearing Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks via its store in Soho New York City and via its nationwide retail stores which violates Plaintiff's trademark rights in the aforementioned marks.

53.     The accused polo shirt and patches that Defendant Lacoste is selling shown in the image below includes Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks.

**Defendant Lacoste store 541 Broadway, New York, NY 10012**




54.     Defendant Lacoste use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

55.     Defendant Lacoste continued use of any variation of Plaintiff's **LES NYC®** and/or **LOWER EAST SIDE™** marks is likely to continue to cause confusion as to the source of apparel products under the marks.

56.     Defendant Lacoste use of Plaintiff's trademarks is not considered a fair use as Lacoste is using the marks for commercial business purposes and for a profit.

57.     Defendant Lacoste infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

58.     Defendant Lacoste has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®**, **LES™** and **LOWER EAST SIDE™** marks.

59.     Defendant NBA is a manufacturer, retailer and seller of footwear and clothing products worldwide.

60.     Defendant NBA also operates an online retail clothing store via the website www.newbalance.com and it sells its clothing and footwear products via other online shopping platforms including but not limited to www.grailed.com.

61.     Plaintiff is informed and believes and thereon alleges that Defendant NBA is advertising, promoting, selling, and offering for sale a hoodie bearing Plaintiff's registered **LES NYC®** and/or **LOWER EAST SIDE™** trademarks via the website www.grailed.com and via its own website and its retail stores which violate Plaintiff's trademark rights in the aforementioned marks.  **(See Exhibit D).**

62.     Defendant NBA's use of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

63.     Defendant NBA's continued use of any variation of Plaintiff's **LES NYC®** and/or **LOWER EAST SIDE™** marks is likely to continue to cause confusion as to the source of apparel products under the marks.

64.     Defendant NBA's use of Plaintiff's trademarks is not considered a fair use as NBA is using the marks for commercial business purposes and for a profit.

65.     Defendant NBA's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

66.     Defendant NBA has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®**, **LES™** and **LOWER EAST SIDE™** marks.

67.     Defendant StockX, Inc. is an online retailer that buys and sells authentic sneakers and streetwear clothing.

68.     Defendant StockX owns, operates, and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell, and offer for sale a hoodie using Plaintiff's **LOWER EAST SIDE™** trademark on a front silk screen application of the mark on a hoodie.

69.     Defendant StockX is using Plaintiff's trademarks in commerce by promoting, advertising, selling, and offering for sale a hoodie bearing and under Plaintiff's **LOWER EAST SIDE™** trademark via its www.stockx.com website.  (**See Exhibit E**).

70.     Upon information and belief, Defendant StockX is also utilizing Plaintiff's **LOWER EAST SIDE™** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.StockX.com website to purchase its footwear and clothing products instead by advertising and promoting footwear and clothing products that include Plaintiff's **LOWER EAST SIDE™** trademarks. The aforementioned use of Plaintiff's trademarks by StockX are a "use in commerce" of Plaintiff's brand name.

71.     Defendant StockX's use in commerce of Plaintiff's **LOWER EAST SIDE™** trademark is not a fair use as StockX is using the marks for commercial business purposes and for a profit.

72.     Defendant StockX's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** marks.

73.     Defendant StockX Inc. has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LOWER EAST SIDE™** trademark.

74.     Upon information and belief, Defendant StockX had knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™** marks and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark.

75.     Defendant StockX's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.stockx.com website.

76.     Defendant StockX acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LOWER EAST SIDE™** mark.

77.     Defendant Todd Snyder is a retailer of apparel products and has retail clothing stores in New York and Connecticut.

78.     Defendant Todd Snyder also operates an online retail clothing store via the website www.toddsnyder.com.

79.     Plaintiff is informed and believes and thereon alleges that Defendant Todd Snyder is manufacturing, advertising, promoting, selling, and offering for sale a t-shirt bearing the mark **LES NEW YORK** printed on the front of the t-shirt in a silk screen print application and a crewneck sweatshirt bearing Plaintiff's registered **LOWER EAST SIDE™ mark** printed on the front of the sweatshirt in a silk screen print application via the website www.toddsnyder.com and via its retail stores which violate Plaintiff's trademark rights in the **LOWER EAST SIDE™** and/or **LES NYC®** marks.  **(See Exhibit F).**

80.     Defendant Todd Snyder's use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

81.     Defendant Todd Snyder's continued use of any variation of Plaintiff's **LES NYC®** and/or **LOWER EAST SIDE™** marks is likely to continue to cause confusion as to the source of apparel products under the marks.

82.     Defendant Todd Snyder's use of Plaintiff's trademarks is not considered a fair use as Todd Snyder is using the marks for commercial business purposes and for a profit.

83.     Defendant Todd Snyder's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

84.     Defendant Todd Snyder has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

85.     Defendant Amazon.com LLC is an e-commerce business that is providing an online store and platform to purchase t-shirts, hoodies and other apparel and are advertising, publishing, exploiting, marketing, promoting, selling and offering for sale clothing items under designs that infringe Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** trademarks by printing the mark on t-shirt and hoodies in silk screen printed application.  **(See Exhibit G).**

86.     Of the various **LOWER EAST SIDE™** and/or **LES NYC®** related designs that are offered for sale in connection with clothing by Amazon that infringe Plaintiffs trademarks, there is one specific t-shirt offered by Amazon via its website www.amazon.com.

87.     Defendant Amazon.com's continued use of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

88.     Defendant's use of Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks owned by Plaintiff.

89.     Defendant Amazon.com's use of Plaintiff's trademarks is not considered a fair use as Amazon.com is using the marks for commercial business purposes and for a profit.

90.     Defendant Amazon.com's infringement of Plaintiff's trademarks is willful as Amazon is aware of the infringing content it is continuing to display, sell and offer for sale from its www.amazon.com website.

91.     Defendant Amazon has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

92.     Defendant Amazon.com has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

93.     Founded in 1999 but publicly launched in 2005, Zazzle is an e-commerce vendor that allows its users and account holders to upload images and designs of artwork, slogans, brand names, and/or other designs that Zazzle then manufactures and prints on novelty items such as t-shirts, caps, hoodies, sweatshirts, baseball jerseys, travel bags, mouse pads, greeting cards, and a myriad of other similar products.  These products are then offered for sale to the public.

94.     Defendant Zazzle has over 600,000 designers.  These designers are mainly individuals who set up an account with Zazzle, upload images and/or design artwork to the www.zazzle.com website, and receive a small royalty for the products that are sold containing reproductions of the images and/or designs.

95.     The designers are also able to choose a royalty rate to receive in connection with any product that is sold by Zazzle in connection with that individual's uploaded images.  Zazzle starts with a base product price and the designer chooses the royalty rate to receive on top of the base price, which increases the product price to account for the royalty rate.  Consequently, Zazzle makes a set amount for each product that it sells, regardless of the designer, the royalty rate, or the image printed.

96.     Zazzle holds a large inventory of blank items (e.g., shirts, caps, sweaters, etc.) at its print and production warehouse and it prints images of those items only after a product is ordered by an end user buyer through the www.zazzle.com website.

97.     When a buyer purchases an item from the www.zazzle.com website a Zazzle employee or contractor will take a blank version of that item from the Zazzle warehouse and print and/or otherwise manufacture the selected item bearing the image, design, slogan, or name.  Zazzle then packages and ships the product to the consumer.

98.     Zazzle manages all material aspects of the transactions conducted on its website, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, product return, and refunds.  The third-party designers role is limited to only uploading images, choosing the items to offer in connection with the images, names or slogans, setting the royalty rate and waiting for a royalty check to come in.

99.     Zazzle knows that a large amount of images, names and or slogans it prints that are uploaded by its third party designers are infringing the copyright and/or trademark rights of others. Despite this knowledge, Zazzle does very little to protect the rights of intellectual property owners.

100.    Plaintiff is informed and believes and thereon alleges that Defendant Zazzle, Inc. is manufacturing, marketing, promoting, selling and offering for sale an extensive catalogue of apparel items including t-shirts and other similar clothing items bearing silk screen printed clothing products using Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks on its website www.zazzle.com. The aforementioned use by Zazzle violates Plaintiff's trademark rights in the **LOWER EAST SIDE™** and **LES NYC®** marks. **(See Exhibit H).**

101.    Defendant Zazzle is also bidding and purchasing adwords under Plaintiff's **LOWER EAST SIDE™** trademark that is directing consumers looking for Plaintiff's clothing to Zazzle's website to purchase its clothing products instead.  The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Zazzle are a "use in commerce" of Plaintiff's brand name as shown in the image below.

102.    Defendant Zazzle's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

103.    Defendant Zazzle's use of Plaintiff's trademarks is not considered a fair use as Zazzle is using the marks for commercial business purposes and for a profit.

104. Defendant Zazzle's infringement of Plaintiff's trademarks is willful as Zazzle is aware of the infringing content it is continuing to display, sell and offer for sale from its www.zazzle.com website.

105. Defendant Zazzle has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

106. Defendant Zazzle has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks.

107. Defendant Teespring is an e-commerce online shop that is manufacturing, printing, marketing, promoting, selling and offering for sale an extensive catalogue of caps, t-shirts, sweaters, hoodies and other merchandise with silk screen printed clothing items bearing Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks on its website www.8milstore.creator-spring.com which violate Plaintiff's trademark rights in the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

108. Defendant Teespring had knowledge that the **LOWER EAST SIDE™** and **LES NYC®** marks were registered trademarks and failed to implement any procedure that would prevent its account users from uploading content or designs that included Plaintiff's registered trademarks.

109. Defendant Teespring's, Inc.'s use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

110. Defendant Teesprings's use of Plaintiff's trademarks is not considered a fair use as Teespring is using the marks for commercial business purposes and for a profit.

111.    Defendant Teesprings's infringement of Plaintiff's trademarks is willful as is aware of the infringing content it is continuing to display, sell and offer for sale from it's the www.8mil.creator.-spring.com website.

112.    Defendant Teespring has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

113.    Defendant Teespring has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks.

114.    Defendant Redbubble is an e-commerce vendor that allows its users and account holders to upload images and designs of artwork, slogans, brand names, and/or other designs that Redbubble then manufactures and prints on novelty items such as t-shirts, caps, hoodies, sweatshirts, baseball jerseys, travel bags, mouse pads, greeting cards, and a myriad of other similar products.  These products are then offered for sale to the public.

115.    Defendant Redbubble has over 400,000 artists and designers.  These designers are mainly individuals who set up an account with Redbubble, upload images and/or design artwork to the www.redbubble.com website, and receive a small royalty for the products that are sold containing reproductions of the images and/or designs.

116.    Upon information and belief, the designers are also able to choose a royalty rate to receive in connection with any product that is sold by Redbubble in connection with that individual's uploaded images.  Redbubble starts with a base product price and the designer chooses the royalty rate to receive on top of the base price, which increases the product price to account for the royalty rate.  Consequently, Redbubble makes a set amount for each product that it sells, regardless of the designer, the royalty rate, or the image printed.

117.    Upon information and belief, Redbubble holds a large inventory of blank items (e.g., shirts, caps, sweaters, etc.) at its print and production warehouse and it prints images of those

items only after a product is ordered by an end user buyer through the www.redbubble.com website.

118.   When a buyer purchases an item from the www.redbubble.com website a Redbubble employee or contractor will take a blank version of that item from the Redbubble warehouse and print and/or otherwise manufacture the selected item bearing the image, design, slogan or name.  Redbubble then packages and ships the product to the consumer.

119.   Redbubble manages all material aspects of the transactions conducted on its website, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, product return, and refunds.  The third-party designers role is limited to only uploading images, choosing the items to offer in connection with the images, names or slogans, setting the royalty rate and waiting for a royalty check to come in.

120.   Redbubble knows that a large amount of images, names and or slogans it prints that are uploaded by its third party designers are infringing the copyright and/or trademark rights of others.  Despite this knowledge, Redbubble does very little to protect the rights of intellectual property owners.

121.   Plaintiff is informed and believes and thereon alleges that Defendant Redbubble, Inc. is manufacturing, marketing, promoting, selling and offering for sale an extensive catalogue of apparel items including t-shirts and other similar clothing items bearing Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks on its website www.redbubble.com.  The aforementioned use in commerce by Redbubble violates Plaintiff's trademark rights in the **LES NYC®** and **LOWER EAST SIDE™** marks and design. **(See Exhibit I).**

122.   Defendant Redbubble's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products and other merchandise under the **LES NYC®** and **LOWER EAST SIDE™** marks.

123.    Defendant Redbubble's use of Plaintiff's trademarks is not considered a fair use as Redbubble is using the marks for commercial business purposes and for a profit.

124.    Defendant Redbubbles's infringement of Plaintiff's trademarks is willful as is aware of the infringing content it is continuing to display, sell and offer for sale from it's the www.redbubble.com website.

125.    Defendant Redbubble has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

126.    Defendant Redbubble has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks.

127.    Defendant Etsy Inc. is an e-commerce business that is providing an online store and platform to purchase t-shirts, hoodies and other apparel and are publishing, exploiting, marketing, promoting, selling and offering for sale clothing items under designs that infringe Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** trademarks from its website www.etsy.com.   **(See Exhibit J).**

128.    Defendant Etsy's continued use of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

129.    Defendant Etsy's use of Plaintiff's trademarks is not considered a fair use as Etsy is using the marks for commercial business purposes and for a profit.

130.    Defendant Etsy's infringement of Plaintiff's trademarks is willful as Etsy is aware of the infringing content it is continuing to display, sell and offer for sale from its www.etsy.com website.

131.    Defendant Etsy has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

132.    Defendant Etsy has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

133.    Defendant TP Apparel is an e-commerce retailer and is providing an online store and platform to purchase t-shirts, hoodies and other merchandise and are manufacturing, printing, marketing, promoting, selling and offering for sale via its website www.Teepublic.com a t-shirt printed that displays the words **THE LOWER EAST SIDE** violating Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks.

134.    Defendant TP Apparel use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

135.    Defendant TP Apparel's use of Plaintiff's trademarks is not a fair use as TP Apparel is using the marks for commercial business purposes and for a profit.

136.    Defendant TP Apparel has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in the **LES NYC®** and **LOWER EAST SIDE™** marks.

137.    Defendant TP Apparel has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

138.    Defendant TP Apparel is aware and has knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™** and **LES NYC®** marks.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

139.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 138 of this Complaint.

140.    The use in commerce by all of the named Defendants' of an identical and/or slightly identical version of Plaintiff's registered trademarks are likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by all of the Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademarks, and has resulted in injury and damage to Plaintiff that will continue if Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel are not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

141.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 140 of this Complaint.

142.    Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®**, **LES™** and **LOWER EAST SIDE™** marks.

143.    Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that the aforementioned Defendants' and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble,

Etsy, and TP Apparel continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

144.     Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

145.     By reason of Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

146.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 145 of this Complaint.

147.     Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

148.     Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel unauthorized use of Plaintiff's **LOWER EAST SIDE™, LES™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

149.     By reason of the foregoing, Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel have infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES**

**NYC®** marks and Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel have become unjustly enriched by such acts of infringement.

150.    Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

151.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 150 of this Complaint.

152.    Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE™,** and/or **LES NYC®** marks.

153.    Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    Entry of an order and judgment requiring that Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE™, LES NYC®,** or any colorable imitation thereof; (b) advertising, operating a

website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC®** or **LOWER EAST SIDE™** , or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark or Plaintiff's rights in his **LOWER EAST SIDE™** mark.

2.      That Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel in this action be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendants Zumiez, 26 RED, Lacoste, NBA, StockX, Todd Snyder, Amazon, Zazzle, Teespring, Redbubble, Etsy, and TP Apparel be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $1,000,000.00 for Defendants acts of willful infringement.

7.      That Plaintiff be awarded the cost and disbursements of this action.

8.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: November 17, 2023                    Respectfully submitted,
      New York, New York                      Stephanie M. Reveron

Stephanie M. Reveron
*Pro Se Plaintiff*
210 Stanton Street – #218
New York, New York 10002
(646) 299-5321

**EXHIBIT A**



United States Patent and Trademark Office

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 17 04:07:22 EST 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP | | CURR LIST | |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [      ] OR  Jump  to record: [      ]  **Record 4 out of 6**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# LES NYC

| | |
|---|---|
| **Word Mark** | LES NYC |
| **Goods and Services** | IC 025. US 022 039. G & S: Baseball caps and hats; Hooded sweatshirts; Short-sleeved or long-sleeved t-shirts; T-shirts. FIRST USE: 19991200. FIRST USE IN COMMERCE: 19991200 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85335314 |
| **Filing Date** | June 1, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 1, 2014 |
| **Registration Number** | 4549880 |
| **Registration Date** | June 17, 2014 |
| **Owner** | (REGISTRANT) Lopez, Robert G. AKA TrademarkRob INDIVIDUAL UNITED STATES 230 Clinton Street - Apt. #11C New York NEW YORK 10002

(LAST LISTED OWNER) REVERON, STEPHANIE M. INDIVIDUAL UNITED STATES 210 STANTON STREET SUITE #218 NEW YORK NEW YORK 10002 |

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | | CURR LIST |

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > **Trademark Query**

# Trademark Assignment Abstract of Title

## Total Assignments: 1

**Serial #:** 85335314          **Filing Dt:** 06/01/2011          **Reg #:** 4549880          **Reg. Dt:** 06/17/2014

**Registrant:** Lopez, Robert G.

**Mark:** LES NYC

## Assignment: 1

**Reel/Frame:** 7921/0205          **Recorded:** 12/14/2022          **Pages:** 3

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** LOPEZ, ROBERT G.          **Exec Dt:** 05/08/2022
                                        **Entity Type:** INDIVIDUAL
                                        **Citizenship:** UNITED STATES

**Assignee:** REVERON, STEPHANIE M.          **Entity Type:** INDIVIDUAL
210 STANTON STREET                           **Citizenship:** UNITED STATES
SUITE #218
NEW YORK, NEW YORK 10002

**Correspondent:** STEPHANIE M. REVERON
210 STANTON STREET - SUITE #218
NEW YORK, NY 10002

Search Results as of: 11/17/2023 07:30 AM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.6
Web interface last modified: August 25, 2017 v.2.6

**| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT**

**EXHIBIT B**




**ADD TO MY BAG**

---- OR ----

### GET IT NOW

◯  American Dream
   5.3 miles - **Out of Stock**

Check other stores >

BUY ONLINE & PICKUP IN STORE

SHARE:

https://www.zumiez.com/26-red-lower-ea

COPY LINK

ALSO AVAILABLE:

  

(https://www.zumi (https://www.zumi (https://www.zumi
red-graffiti-cat- red-cream- red-est-1990-
black-trucker- trucker-hat.html) brown-trucker-
hat.html) hat.html)

Item # 368332   Stash Points: 3,995 (?)

#Thoughts    **TAG IT**    Be the first one to TAG this product!

## DESCRIPTION

26 Red brings the Lower East Side trucker hat in a vibrant orange colorway that's sure to draw the eye. On the front crown is embroidered text reading, "Lower east side NYC" with a textured material that brings on memories of 70s shag carpeting. On the right side panel is more text displaying the brand name in a similair accent to complete the look. This hat features a mesh paneling along the back and sides for breathability, coming complete with an adjustable sizing piece for a custom fit.

(https://www.zumiez.com/brands/26-red.html)

VIEW MORE FROM 26 RED ► (HTTPS://WWW.ZUMIEZ.COM/BRANDS/26-RED.HTML)

**Product Details:**

- Lower East Side Orange Trucker Hat from 26 Red.
- Solid front with mesh back and side panels.
- Embroidered, textured lettering on front crown and right side pannel.
- Curved bill.
- Adjustable snapback sizing piece for a custom fit.
- 100% polyester.
- Imported.
- Show us your style! Use #zumiez and tag @zumiez on your Instagram for a chance to be featured.

CATEGORIES THIS PRODUCT IS IN:

Hats (https://www.zumiez.com/accessories/hats.html)
Trucker Hats (https://www.zumiez.com/accessories/hats/trucker-hats.html)

**EXHIBIT C**

26Red

Tees / Tops     Hats & Beanies     Hoodies / Jackets     Jerseys     Accessories     Bottoms     Accessory Brands     Past     Cont

Home > Lower East Side Chenille Trucker Hat



# LOWER EAST SIDE CHENILLE TRUCKER HAT

## $40.00

**By** 26red

**Color**

| Neon Orange | Cream | Black |

**Quantity**

−    1    +

ADD TO CART

Buy with

More payment options

Chenille Embroidery on front (Fuzzy)

Regular Embroidery for side patch



## YOU MAY ALSO LIKE

# EXHIBIT D

**GRAILED**

🔍 Search

SIGN UP ☰

‹



**Aime Leon Dore** x **New Balance**

Masaryk Lower East Side Basketball Hoodie

Size: Men's / US XL / EU 56 / 4

🤍
31

## $200

+ $15 Shipping — US to United States ▾

**PURCHASE**

MESSAGE

**Listing Details**    SHOW ▾

Ⓖ Buyer Protection & Authenticity Checks   Learn More   ›

**EXHIBIT E**

Black Friday starts in:

**07** Days  **04** Hours  **51** Minutes  **18** Seconds

**Learn More**

✕

# StockX

Sneakers  Shoes  Apparel  Accessories  Electronics  Trading Cards  Collectibles

Size:                                                                 All ⌄

| Place Bid | Buy for $427 |
|---|---|

Sell for -- or Ask for More →

## Aime Leon Dore x New Balance Sonny NY Hoodie

Grey

⊕  ♡  ⤷



⏱ Only 1 Left!

**EXHIBIT F**

*Free Shipping & Returns on U.S. orders over $150.*

🛍 0

USD   Request a Catalog   Enable Accessibility   👤 Login

NEW   CLOTHING   CHAMPION   SUITING   **TODD SNYDER** NEW YORK   TIMEX   ACCESSORIES   DISCOVERIES

SHOES   SALE   STORES   Search

HOME / T-SHIRTS / CHAMPION NEIGHBORHOOD TEE IN BLACKTOP   < PREVIOUS   NEXT >





NEW

*Todd Snyder + Champion*

# CHAMPION NEIGHBORHOOD TEE IN BLACKTOP

## $88 USD

SIZE

| XS | S | M | L | XL |

| XXL |

ADD TO CART          Buy with

More payment options

The fabric may be Jersey cotton, but this tee
is all about New York. We love our hometown.

*Free Shipping & Returns on U.S. orders over $150.*

🛍 0

USD          Request a Catalog          Enable Accessibility          👤 Login

NEW   CLOTHING   CHAMPION   SUITING

# TODD SNYDER
**NEW YORK**

TIMEX   ACCESSORIES   DISCOVERIES

SHOES                    SALE   STORES                    Search

HOME / ALL / CHAMPION LOWER EAST SIDE SWEATSHIRT IN EGGSHELL MIX



*Todd Snyder + Champion*

# CHAMPION LOWER EAST SIDE SWEATSHIRT IN EGGSHELL MIX

## $198 USD

SIZE -  <u>SIZE CHART</u>

| XS | S | M | L | XL |
|----|---|---|---|----|

| XXL |
|-----|

*3 Items left*

| ADD TO CART | Buy with |
|-------------|----------|

More payment
options

We love our hometown. Now more than ever,
maybe. And this archival graphic from the
Champion archive is one of many ways we're

**EXHIBIT G**



Hello
Select your address

All ⌄   les nyc tshirt

EN ⌄   Hello, sign in
Account & Lists ⌄

Returns
& Orders ⌄

All   Clinic   Best Sellers   Customer Service   Amazon Basics   Prime ⌄   Music   New Releases   Shop Black-owned brands

**Amazon Fashion**   Women   Men   Kids   Luggage   Sales & Deals   New Arrivals   Our Brands   prime try before you buy

‹ Back to results



Brand: LES NYC Tie Dye Shirts

# LES NYC Tie Dye Lower East Side Vintage Inspired Streetwear T-Shirt

$**19**⁹⁹

Get **Fast, Free Shipping** with Amazon Prime
FREE Returns

**amazon** merch on demand  Learn more

Fit Type: Men

| Men | Men's Big and Tall | Women |

| Women's Plus | Youth |

Color: Black

   

Size:

Select

- Solid colors: 100% Cotton; Heather Grey: 90% Cotton, 10% Polyester; All Other Heathers: 50% Cotton, 50% Polyester
- Imported
- Machine Wash
- An awesome design great for people who love tie dye shirts and LES NYC! Show it off with pride.
- Lightweight, Classic fit, Double-needle sleeve and bottom hem

To buy, select **Size**

Add to Cart

Add to List

## Products related to this item

Page 1 of 8

Sponsored ⓘ

Hello
Select your address

Clothing, Shoes & Jewelry ▾ | Search Amazon

Hello, sign in
Account & Lists

Returns
& Orders

Cart

All   Clinic   Best Sellers   Customer Service   Amazon Basics   Prime ▾   Music   New Releases   Today's Deals   Books   Shop Black-owned businesses

**Amazon Fashion**   Women   Men   Kids   Luggage   Sales & Deals   New Arrivals   Our Brands   **prime try before you buy**

2 results

**Department**

**Clothing, Shoes & Jewelry**

## Results

Price and other details may vary based on product size and color.



+4 colors/patterns

**LES NYC Shirts**

LES NYC United States Patriotic American Flag T-Shirt

$19⁹⁹

FREE delivery **Tue, Jul 11** on $25 of items shipped by Amazon
Or fastest delivery **Sat, Jul 8**

+3 colors/patterns

**LES NYC Shirts**

LES NYC United States Lower East Side American Flag Tie Dye T-Shirt

$19⁹⁹

FREE delivery **Tue, Jul 11** on $25 of items shipped by Amazon
Or fastest delivery **Sat, Jul 8**

Sponsored

## Need help?

Visit the help section or contact us

See personalized recommendations

Sign in

New customer? Start here.



‹ Back to results

Brand: LES Manhattan Tees

## Vintage Lower East Side NYC Manhattan New York Retro Travel

To buy, select **Size**

Add to Cart

Add to List

Brisco Brands North Dakota Bison Stencil Distressed Hoodie Sweatsh...

$**30**⁹⁹

Sponsored

Men

**Men**    Women    Youth

Size:

Select

- Solid colors: 100% Cotton; Heather Grey: 90% Cotton, 10% Polyester; All Other Heathers: 50% Cotton, 50% Polyester
- Imported
- Machine Wash
- Lightweight, Classic fit, Double-needle sleeve and bottom hem

GownTown 1950 Women Dress Midi Shirt Dress Cocktail Dress with Belt
☆☆☆☆☆ 1,856
$**39**⁹⁹  prime
Save 10% **with coupon**

Sponsored

## Products related to this item

Page 1 of 8

Sponsored ⓘ

**EXHIBIT H**



Other designs you might like



by granvilleimbler54173

## New York City Lower East Side USA Souvenir NYC Uni T-Shirt

★★★★★ 4.7 (12276)

**$19.04**
~~$22.40~~ per shirt

15% Off with code CREATEFORYOU

🚚 Order today and get it by Jul 10 - 19

Qty:   1 shirt ▼          **Add to Cart**

Edit Design

**Size**                                    Size Chart

Select a size                              ▼

**Style**
Basic Dark T-Shirt

See more ▶

**Color & Print Process**          Learn more
Black

Vivid Printing: White Underbase ⬤

Other designs you might like

**EXHIBIT I**

Go beyond the rainbow. **Shop Pride** merch by LGBTQIA+ artists

 **REDBUBBLE**   Sell your art   Login   Signup

Clothing   Stickers   Phone Cases   Wall Art   Home & Living   Kids & Babies   Pets   Accessories



## Lower East Side New York City Zipped Hoodie

Designed and sold by
**CoolShirtDepot**

## $54.10

**Style**       Explore more styles

**Zipped Hoodie**
Full-zip hoodie, cozy
fleece, front pouch

**Color** Oatmeal Heather

**Size**       View size guide

S    M    L    XL

2XL

- The printer of this product sources blanks from manufacturers committed to improving cotton farming practices with the Better Cotton Initiative



## Lower East Side New York City

One of the beautiful neighborhoods of New York City, along with lower east side, lower west side, upper east side, upper west side, financial district, soho, this design will look great on a t shirt, sticker or poster

### Also available on

 View this design on +65 products

     

| Lightweight ... | Lightweight ... | Pullover Hoo... | Pullover Sw... | Zipped Hoodie | Mouse Pad |
| --- | --- | --- | --- | --- | --- |
| $43.20 | $43.20 | $54.10 | $48.18 | $54.10 | $20.58 |



Designed and sold by **CoolShirtDepot**                    Follow

127 designs

### More by this artist

 View shop

     

to International Labor Organization standards

- The printer of this product sources blanks from manufacturers committed to improving cotton farming practices with the Better Cotton Initiative



### Lower East Side Pride

Show your Lower East Side pride!

## Also available on

 View this design on +44 products

   

| Lightweight ... | Lightweight ... | Pullover Hoo... | Pullover Sw... | Zipped Hoodie | Mouse Pad |
|---|---|---|---|---|---|
| $43.20 | $43.20 | $48.50 | $43.20 | $48.50 | $20.58 |

 Designed and sold by **mbradley517**

36 designs

Follow

## More by this artist

 View shop



**EXHIBIT J**

ModernistPress

♡ Follow

388 sales · 4.9 ★★★★★ (84 reviews)

Lower East texture.

**$22.0**

~~$24.50+~~
(10% Off)
Primary color ★

Select a color ▼

Size ★

Select an option ▼

**Add to cart**

🚚

**Nice choice!** Enjoy free shipping to the US when you spend $35+ at this shop.

( **Add both to cart** )

**See more items** →

**Highlights**                                    ∧

✋