UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHANIE M. REVERON,                            :

            Plaintiff,                :        <u>ORDER</u>

    -v.-                                            :        23 Civ. 10114 (JGLC) (GWG)

ZUMIEZ, INC. et al.,                             :

           Defendants.                :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      As the Court noted in its Order of January 8, 2024 (Docket # 25), defendant wrote to the Court on December 20, 2023 (Docket # 18), that plaintiff had informed defendant's counsel that she "intends to file" an amended complaint by the "end of next week." In plaintiff's January 2, 2024 letter (Docket # 21), plaintiff asserted that this statement was "false and inaccurate." At that time, the Court was unaware that plaintiff in fact had emailed defendant's counsel on December 19, 2023, stating, "I am in the process of drafting my First Amended Complaint which I intend to have filed with the Court by next week." <u>See</u> Docket # 23-1.

      The Court's January 8th Order directed plaintiff to explain why the Court should not find that plaintiff herself provided false information to the Court when she stated in her January 2nd letter that defendant's representation was "false and inaccurate." <u>See</u> Docket # 25. Plaintiff's explanation appears in a letter dated January 15, 2024 (Docket # 27). Plaintiff's effort to justify her January 2nd accusation against defense counsel is essentially that it was inaccurate for defense counsel to state that plaintiff was filing the amended complaint by "the end of next week" when she actually said "next week." This explanation is frivolous given the context of defendant's representation, which was for the purpose of determining the latest date on which plaintiff intended to file. There is thus no material difference between what defendant represented to the Court and what plaintiff stated to defendant. And whatever non-material difference could be said to exist certainly did not justify the serious accusation plaintiff leveled against defense counsel. Additionally, plaintiff's letter (Docket # 21) implied that she had never given any date at all for her intent to file the amended complaint when in fact she had clearly stated that she intended to file it "by next week."

      In the end, defense counsel's representation as to plaintiff's intention was true and accurate based on any reasonable reading of plaintiff's email. Plaintiff's accusation, by contrast, could only have been for the purpose of misleading the Court into thinking defense counsel had made up its statement of plaintiff's intention. This was the inevitable effect of plaintiff's statement inasmuch as plaintiff's letter gave absolutely no indication of what she had told defense counsel in the email.

      The Court is disturbed that plaintiff does not recognize that she acted improperly and offers no apology to defense counsel or to the Court. The Court will not, however, sanction plaintiff at this time because her actions did not cause prejudice to any party and because they constitute the first (and, it is hoped, the last) instance of such conduct.

SO ORDERED.

Dated: January 22, 2024
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge