UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHANIE M. REVERON,                            :

              Plaintiff,          :        ORDER

    -v.-                                                      :        23 Civ. 10114 (JGLC) (GWG)

ZUMIEZ, INC. et al.,                                    :

              Defendants.     :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court is plaintiff's request to amend her complaint (Docket # 64), defendant New Balance's opposition (Docket ## 73, 74), and plaintiff's reply (Docket ## 77, 78).

      Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Thus, while the decision to grant leave to amend a pleading is within the discretion of the Court, the Court must have "good reason" to deny leave to amend. See Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995) (citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979)). Leave to amend may be denied in some instances where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

      New Balance argues that plaintiff unduly delayed in making the new allegations against it in the proposed pleading and acted in bad faith. In light of plaintiff's pro se status, however, it is understandable that she might not have understood what allegations to include in the complaint. In any event, "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) (citation and internal quotation marks omitted). Additionally, the delay is not lengthy and discovery has not even begun in this case.

      New Balance also argues it would be prejudiced by the proposed amendment. To establish prejudice, a party must show that the assertion of the new claim would, as pertinent here, "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial;" or "(ii) significantly delay the resolution of the dispute." Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993). New Balance does not make any such showing, however. The only prejudice identified is that defendants will have to refile their motion to dismiss. But given that they have already done the work to prepare that motion, the effort needed to address the new complaint will require little if any duplicative expenditure of resources. In any event, "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice." A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (citation and quotation marks omitted); accord ResQNET.Com, Inc. v. Lansa, Inc., 382 F. Supp. 2d 424, 451 (S.D.N.Y. 2005).

The only remaining argument is that the addition of the new allegations would be "futile." However, New Balance makes this argument in the most cursory way. Thus, the better course is to allow the amendment without prejudice to any future arguments from New Balance in the form of a motion to dismiss or other dispositive motion.

Accordingly, the motion to amend (Docket # 64) is granted. The proposed second amended complaint shall be filed on or before April 9, 2024.

The proposed complaint adds a new defendant, Pause Café, Inc. In order not to delay this case, plaintiff shall immediately serve this defendant and file proof of service by April 23, 2024.

The Court previously ruled that it would not be efficient to have differing dates for defendants to answer or move with respect to the complaint. See Order, dated Jan. 30, 2024 (Docket # 41). Accordingly, the deadline for all defendants to answer or move with respect to the complaint remains adjourned sine die. On the date when certificates of service as to all defendants have been filed, plaintiff shall file a letter to the Court so indicating, and the Court at that time will set a date for all defendants to answer or move with respect to the complaint.

In light of the fact that plaintiff has until April 23, 2024, to serve Pause Café, Inc., the Court will extend the deadline to file this letter to April 30, 2024. If service has not been effectuated on all defendants by that date, plaintiff shall on or before April 30, 2024, file a letter explaining why there is good cause to extend the deadline for service.

Once plaintiff's letter has been filed reflecting that proof of service has been filed as to all defendants, any party may file a letter proposing dates for the filing of any answers or motions to dismiss (which will be returnable before the undersigned). The parties are required to contact each other before making such proposals and the Court is hopeful that a single joint proposal as to a schedule will be filed.

SO ORDERED.

Dated: April 3, 2024
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge