UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE M. REVERON,<br><br>                      Plaintiff,<br><br>-against-<br><br>SPOT INTERNATIONAL, INC. d/b/a 26 RED, NEW BALANCE ATHLETICS, INC., AIME LEON DORE HOLDINGS, LLC, STOCKX LLC, TODD SNYDER, INC.,TODD SNYDER, an individual, HANESBRANDS INC., AMAZON.COM SALES, INC., ZAZZLE, INC., TEESPRING, INC., REDBUBBLE, INC., ETSY, INC., TPAPPAREL LLC, CAFEPRESS, INC., GRGUSA LLC, EXIT9 INC., CSB GLOBAL LLC, THE GUTTER BAR LES LLC, PAUSE CAFE INC., John Doe 1 d/b/a VAULT 134, and DOES 2-4,<br><br>                      Defendants. | 23-CV-10114 (JGLC)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

       This case was referred to Magistrate Judge Gorenstein for general pretrial purposes and all dispositive motions. *See* ECF No. 3. Defendants move to dismiss the Second Amended Complaint for failure to state a claim. ECF No. 115. On December 17, 2024, Judge Gorenstein issued a Report and Recommendation recommending granting the motion as to all Defendants except for Defendants Amazon.com Sales, Inc. ("Amazon"), Redbubble, Inc. ("Redbubble"), and Etsy, Inc. ("Etsy") (collectively, "Objecting Defendants"). ECF No. 141 ("R&R"). On January 2, 2025, Objecting Defendants filed timely objections to the R&R. ECF No. 144 ("Etsy Obj."); ECF No. 145 ("Amazon & Redbubble Obj.") (collectively, "Objections"). On January 31, 2025, *pro se* Plaintiff filed a response to the Objections, but states no objections herself and instead urges that the R&R should be adopted in full. ECF No. 153.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

The Court has reviewed the motions, the R&R, the Objections, and Plaintiff's response, and finds the R&R to be well-reasoned and grounded in fact and law.

First, Objecting Defendants contend that the R&R provides no legal support for the distinction between the dismissed claims and the non-dismissed claims. Amazon & Redbubble Obj. at 4–6. To the contrary, the R&R has laid out extensive case law governing the analysis on Objecting Defendants' claims. *See* R&R at 9–11. The legal standards set out by the R&R cover the factors to consider for whether a word is used as a mark, all of which the R&R applied when examining Defendants' goods. *See id.* The Court finds no error with the R&R's reasoned application, especially on a motion to dismiss standard, which requires that allegations be read in the light most favorable to Plaintiff.

The remainder of the Objections largely reiterate the original arguments. Objecting Defendants argue that the R&R ignores the Trademark Office's conclusions regarding Plaintiff's "LES NYC" mark and the Ninth Circuit decision in *LTTB LLC v. Redbubble, Inc.*, 840 F. App'x 148 (9th Cir. 2021). Amazon & Redbubble Obj. at 7–10. Both items were raised in the original briefing. *See* ECF No. 115 at 7–8, 26, 35–36. The Court has reviewed the Trademark Office's conclusions and *LTTB LLC*, and finds that the R&R properly rejected both arguments.

First, the Trademark Office's conclusions are limited to the finding that Plaintiff's first submission of a specimen in the form of words on a T-shirt is insufficient to register a trademark, because the words are ornamental and do not indicate a source of the goods. *See* ECF No. 115 at 7–8. But the Office did not conclude whether words on a T-shirt can ever amount to infringement of a registered trademark that does indicate a source of the goods. The R&R examined the latter question by applying factors guided by case law, such as whether the words or letters were used as a symbol, whether the Defendants displayed their own trademarks along with the words or letters, and whether the words or letters could be contextualized as a geographical descriptor. *See* R&R at 9–11, 20–21, 24–29. There is no clear error in the R&R's analysis.

Second, the *LTTB LLC* decision was, as the R&R distinguished, premised on the separate doctrine of aesthetic functionality. R&R at 25; *LTTB LLC*, 840 F. App'x at 151. Moreover, *LTTB LLC* is a decision on a motion for summary judgment, in which the Ninth Circuit considered a developed record under a different legal standard. Objecting Defendants' cite to a footnote in *LTTB LLC* is unpersuasive. In this footnote, the Ninth Circuit acknowledges, without adopting, an argument that the "mere use of [words] on the face of various products cannot be source-identifying." *Id.* at 151 n.2. But as the R&R reasoned, the plausible problem with Defendants' products is not the "mere use of [words] on the face of various products"—it is the use of those

words in a form that can be interpreted as symbolic, on a product that does not display the Defendant's own trademarks, in a way that does not necessarily indicate use as a geographical descriptor. *See* R&R at 20–21, 24–29.

Finally, Objecting Defendant Etsy contends that the R&R failed to consider the context in which its products were marketed—that is, through captions, descriptions, sample photographs, and other details suggesting that the words or letters were merely geographical descriptors. Etsy Obj. at 2–8. Indeed, "packaging [and] any other advertising or promotional materials related to the product" can be relevant to the fair use inquiry. *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 65 (2d Cir. 2000). But at the motion to dismiss stage, it was not clear error to deny the motion based on an examination of the product itself. As the R&R has cautioned, the fair use affirmative defense is a fact-intensive inquiry that is often inappropriate to resolve at this stage. R&R at 12 (citing *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). Examining the impact of packaging and how Etsy's products were marketed is an issue for the parties to explore in discovery.

Accordingly, the R&R is ADOPTED in full. Defendants' motion to dismiss is GRANTED in part and DENIED in part. Claims against all Defendants except for Amazon, Redbubble, and Etsy are dismissed. The Clerk of Court is directed to terminate ECF No. 114.

Dated: March 27, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

4